IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jimmie Glover,<br><br>       Plaintiff,<br><br>  v.<br><br>American General Life Insurance Company,<br><br>       Defendant. | Case No. 3:21-cv-50205<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

In January 2014, Defendant American General Life Insurance (AGLI) issued a disability insurance policy to Plaintiff Jimmie Glover based on his employment with St. Louis Community College in St. Louis, Missouri.[1] In July 2015, he became disabled. After initially paying out on the policy, AGLI instituted a re-evaluation process to determine if Glover's condition had improved and whether he could return to gainful employment, so that he would no longer be considered totally disabled under the policy. That evaluation concluded in Glover's favor, but a subsequent re-evaluation a couple of years later came to the opposite conclusion. AGLI terminated Glover's benefits in November 2020.

Glover originally brought this breach of contract action in state court, but AGLI timely removed it to this Court, asserting federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA). AGLI also moved

---

[1] The allegations, as recited here, are taken from Glover's state court complaint. Dkt. 1.

1

the Court to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6). Glover then moved the Court to remand back to state court, arguing that the Court lacks subject-matter jurisdiction. And because Glover's motion to remand challenges this Court's jurisdiction, the motion to dismiss must wait. *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586 (2016) (district court lacked power to grant the motion to dismiss and declare the jurisdictional question moot).

Removal from state to federal court is proper if the plaintiff could have originally filed the suit in federal court. 28 U.S.C. § 1441(a). On removal, the defendant bears the burden of establishing the district court's original jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Here, AGLI asserts federal question jurisdiction, which establishes federal jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If a plaintiff's claim invokes only state law, a defense based on federal law cannot form the basis of federal question jurisdiction. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). AGLI, however, invokes a narrow exception; when Congress has so completely and clearly preempted that state law, then the claim is "purely a creature of federal law" and the defendant may invoke federal question jurisdiction on removal. *Metro. Life Ins. Co. Taylor*, 481 U.S. 58, 64 (1987). Here, AGLI contends that ERISA preempts the relevant state law and thus falls under this exception.

Indeed, in *Metro Life Insurance Co. v. Taylor*, the Supreme Court held that claims falling within the scope § 502(a) of ERISA fall under that exception and may

2

be removed to federal court. 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provision of § 502(a) removable to federal court."). That section, codified at 29 U.S.C. § 1132(a), provides an avenue for plan participants to file a civil action to enforce their rights under a covered plan. § 1132(a)(1). But ERISA does not apply if the plan qualifies as a "governmental plan." § 1003(b)(1). Glover does contest whether the narrow exception to the rule of *Mottley* applies in these cases. Rather, he merely contends that the insurance policy at issue is a governmental plan and is, therefore, excluded from ERISA coverage. Dkt. 11, at 1. In other words, the sole question argued by the parties is whether the policy is a governmental plan. If it is not, then Glover appears to concede that ERISA applies, and the Court has federal question jurisdiction.

Glover argues that the policy, which he participated in as an employee of St. Louis Community College, is a governmental plan and is, therefore, excluded from ERISA coverage. If he is correct, then this Court lacks subject-matter jurisdiction over his suit and must remand to state court pursuant to 28 U.S.C. § 1447(c). AGLI responds that the policy itself "provides that it is subject to ERISA." Dkt. 16, at 3. In support, AGLI cites the text of the policy: "The group policy is delivered in and is governed by the laws of the governing jurisdiction and *to the extent applicable*, by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments thereto." *Id.* (emphasis added). But even if a policy could opt into ERISA and bypass the statutory exceptions (it cannot), its plain text does not

purport to do that. AGLI also contends that its correspondence with Glover regarding his appeal to the insurance denial "restated that his appeal was considered as provided by ERISA and was being administered in accordance with its guidelines." *Id.* Again, AGLI cites no authority for the proposition that private correspondence bears on whether the policy is covered under ERISA, a federal statute. Regardless, "governmental plan" is a statutory term defined by Congress, not a contractual term defined by the parties. The correspondence is not relevant.

The statute defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." § 1002(32). Here, the question is whether St. Louis Community College is a political subdivision of the State of Missouri. In *Shannon v. Shannon*, 965 F.2d 542, 546, 548 (7th Cir. 1992), the Seventh Circuit held that the test for determining whether an entity is a political subdivision under ERISA is the same as the National Labor Relations Board (NLRB) test as described in *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971).

That test can be satisfied in one of two ways: an entity is a political subdivision if it is either "(1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." *Id.* (quoting *Natural Gas Utility District*, 402 U.S. at 604–05). Glover cites to *Missouri State Colleges & Universities Group Insurance Consortium, Inc. v. Business Men's*

4

*Assurance Company of America*, which applied the same test to determine that the consortium of Missouri colleges and universities was a political subdivision of the State of Missouri. 980 F. Supp. 1333, 1335 (W.D. Mo. 1997). Glover also cites to Missouri state law for the proposition that St. Louis Community College was directly established by the State. Dkt. 11, at 3. AGLI responds to neither point.

Section 178.770 of the Missouri Revised Statutes provides that the voters of a public school district "may organize a community college district." Mo. Rev. Stat. § 178.770(1). The statute goes on to provide, "When a district is organized, it shall be a body corporate and a subdivision of the state of Missouri and shall be known as "The Community College District of _____, Missouri." *Id.* § 178.770(2). The specific details for creating those community colleges are then exhaustively illuminated by Mo. Code Regs. Ann. Tit. 6, § 10-6.010. Thus, the black letter law of the State of Missouri explicitly provides that each community college is a political subdivision of the State.[2] Furthermore, in *Aiello v. St. Louis Community College District*, a Missouri state appellate court explained that St. Louis Community College was entitled to claim sovereign immunity in a tort action because it is "a political subdivision of this state." 830 S.W.2d 556, 559 (Mo. App. Ct. 1992); *see also Lee v. Junior Coll. Dist.*, No. 4:94-cv-415, 1994 U.S. Dist. LEXIS 21899, at \*2 (E.D. Mo. Nov. 17, 1994) ("Named as defendant is the Junior College District of St. Louis,

---

[2] St. Louis Community College is such a district. *See Armstrong-Trotwood, LLC v. State Tax Comm'n of Mo.*, 516 S.W.3d 830, 833 n.3 (Mo. 2017) (identifying St. Louis Community College District as a multi-county taxing district).

St. Louis County, Missouri, d/b/a St. Louis Community College, a political subdivision formed under Mo. Rev. Stat. Section 178.770.").

Thus, the St. Louis Community College is a political subdivision of the State of Missouri because it was directly established by the State of Missouri to operate as a department of the State. As a political subdivision, the insurance plan created by the St. Louis Community College for its employees was a governmental plan. It is, therefore, excluded from coverage under ERISA. Because the St. Louis Community College was directly established by the state as a political subdivision, the Court need not consider whether it also satisfies the second option adopted in *Shannon*.

Because the plan is excluded from ERISA, the Court lacks subject-matter jurisdiction over Glover's state law claims. *Shannon*, 965 F.2d at 546 ("Whether upon removal the district court had subject matter jurisdiction depends on whether the Plan is a governmental plan, exempt from ERISA."). Accordingly, the Court lacks the power to decide the pending motion to dismiss. That motion [9] is therefore stricken, and Glover's motion to remand back to state court [11] is granted. This case is remanded to the 17th Judicial Circuit Court for the County of Winnebago, Illinois.

Date: August 6, 2021

_____
Honorable Iain D. Johnston
United States District Judge